IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAVEN MULLINS, et al,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 1:23-CR-662<br><br>JUDGE J. PHILIP CALABRESE<br><br><u>TRIAL STIPULATION: RAVEN MULLINS PRIOR CONVICTIONS</u> |

Now comes the United States of America, by and through its attorneys, David M. Toepfer, United States Attorney, and Assistant United States Attorney, Paul E. Hanna, Rachael Wood, and Trial Attorney, Brian W. Lynch, and defendant Raven Mullins, represented by attorneys Noah Munyer and Jacob Will, and hereby agree and stipulate to the following factual and evidentiary matters:

The United States and the defendant have agreed to the following stipulations:

1. That the cell phone extraction report powerpoint contained in Exhibit A-10 through A-10C are authentic, admissible, and contains records extracted from a iPhone 11 belonging to Henry Burchett with the phone number 216-304-8320;

2. That the audio contained in Exhibit A-4 through A-4I are authentic, admissible, and contains audio recordings from a phone belonging to Henry Burchett with the phone number 216-304-8320;

3. That the audio contained in Exhibit A-2 through A-2E are authentic, admissible, and contains audio recordings;

4. That the T-Mobile historical cell site records, subscriber records, and call logs contained in Exhibit H-7 and H-7A are authentic, admissible, and contain historical cells site and call logs associated with Henry Burchett's phone number 216-304-8320;

5. That the powerpoint contained in Exhibit A-16 are authentic, admissible, and contain records associated with Henry Burchett's Instagram account "nu.backkk";

6. That the phone number 216-304-8320 belonged to Henry Burchett;

7. That the phone number 216-970-7770 belonged to Henry Burchett;

8. That the phone number 216-303-1041 belonged to Henry Burchett;

9. That the phone number 216-972-0406 belonged to Henry Burchett;

10. That the cell phone extraction report powerpoint and records contained in Exhibit A-6 through A-6B are authentic, admissible, and contains records extracted from IPhone 13 Pro Max with phone number 216 463 6191;

11. That the cell phone extraction report powerpoint and records contained in Exhibit A-7 through A-7D are authentic, admissible, and contains records extracted from iPhone 89 with phone number 216 713 5739;

12. That the cell phone extraction report powerpoint and records contained in Exhibit A-8 through A-8D are authentic, admissible, and contains records extracted from a iPhone XR belonging to Vincent Walker with the phone number 216-423-8024;

13. That the cell phone extraction report powerpoint and records contained in Exhibit A-9 through A-9C are authentic, admissible, and contains records extracted from a Apple iPhone with a cracked screen (IMSI 311480782844444);

14. That the T-Mobile historical cell site records and call logs contained in Exhibit E-6 are authentic, admissible, and contain historical cell site and call logs associated with Vincent Walker's phone number 216-423-8024;

15. That the powerpoint contained in Exhibit E-35 are authentic, admissible, and contain search warrant return records associated with Vincent Walker's Instagram account "runitup.vedo";

16. That the phone number 216-423-8024 belonged to Vincent Walker;

17. That the T-Mobile historical cell site records and call logs contained in Exhibit C-2 are authentic, admissible, and contain historical cell site and call logs associated with Daeveon Crenshaw's phone number 216-925-6230;

18. That the phone number 216-925-6230 belonged to Daeveon Crenshaw;

19. That the medical records contained in Exhibit B-2 and the corresponding certification in Exhibit B-3 are authentic, admissible, and contain University Hospital records associated with the care and treatment of Samantha LaPlaca on July 2, 2022.

20. That the cell phone extraction report powerpoint contained in Exhibit B-1 is authentic, admissible, and contains records extracted from a iPhone XR belonging to Samantha LaPlaca with the phone number 216-849-9962;

21. That the phone number 216-849-9962 belonged to Samantha LaPlaca;

22. That the powerpoint contained in Exhibit E-4 are authentic, admissible, and contain search warrant return records associated with Raegan Thornton's Instagram account "iluvrae__";

23. That the powerpoint contained in Exhibit E-34 are authentic, admissible, and contain search warrant return records associated with Raegan Thornton's iCloud account "raethornton21@icloud.com";

24. That the T-Mobile historical cell site records and call logs contained in Exhibit E-5 are authentic, admissible, and contain historical cell site and call logs associated with Raegan Thonton's phone number 718-912-3533;

25. That the phone number 718-912-3533 belonged to Raegan Thornton;

26. That the T-Mobile historical cell site records, subscriber records, and call logs contained in Exhibit H-9 and H-9A are authentic, admissible, and contain historical cell site and call logs associated with James Clemons's phone number 216-423-7596;

27. That the phone number 216-423-7596 belonged to James Clemons;

28. That the T-Mobile historical cell site, subscriber records, and call logs contained in Exhibit H-8 and H-8A are authentic, admissible, and contain historical cell site and call logs associated with Jerome Williams phone number 216-774-9859;

29. That the phone number 216-774-9859 belonged to Jerome Williams;

30. That the cell phone extraction report powerpoint contained in Exhibit A-13 through Exhibit A-13D are authentic, admissible, and contains records extracted from a phone with identifier IMEI 89148000008097640761belonging to Elijah Johnson with the phone number 330-417-4992;

31. That the phone number 330-417-4992 belonged to Elijah Johnson;

32. That the cell phone extraction report powerpoint contained in Exhibit A-14 through A-14B are authentic, admissible, and contains records extracted from a green iPhone with the phone number 216-713-5739;

33. That the phone number 440-723-9379 belonged to Adrionna Null;

34. That the phone number 216-571-6745 belonged to Kyla Tyler;

35. That the phone number 216-424-0169 belonged to Donald Whitby;

36. That the phone number 216-414-0793 belonged to Donald Whitby;

37. That the phone number 216-463-7913 belonged to Esmond Williams;

38. That the phone number 216-856-8349 belonged to Dontez Hammond;

39. That the phone number 216-609-8345 belonged to Dontez Hammond;

40. That the phone number 216-808-4021 belonged to Alex Darden;

41. That the phone number 216-434-1132 belonged to Jeffrey Lee;

42. That the phone number 216-242-9211 belonged to Cortez Tyree;

43. That the phone number 216-640-0006 belonged to Christepher Horton;

44. That the phone number 234-400-4897 belonged to Demarcus Elliott;

45. That the phone number 216-379-9277 belonged to Demarcus Elliott;

46. That surveillance footage and associated still shots from the King Kennedy Estates contained in Exhibits E-15 and E-15A-D are authentic and admissible;

47. That the surveillance footage and associated still shots from the Real Time Crime Center ("RTCC") on July 28, 2022 contained in Exhibits E-16 through E-30 are authentic and admissible;

48. That the surveillance footage and associated still shots from the Real Time Crime Center on September 12, 2023 contained in Exhibits H-27 through H-44 are authentic and admissible;

49. That the surveillance footage and associated still shots from Clark Convenience on September 12, 2023 (31012 West 73rd) contained in Exhibits H-18, H-18A-X, and H-19 are authentic and admissible;

50. That, on or about August 9, 2022, Cleveland Division of Police Detective Cindy Pivarnik submitted Exhibit E-42, which was a charging cord recovered from Hyundai Elantra bearing Ohio temporary tag "P046833" on August 1, 2022;

51. That Exhibit E-42, which was a DNA profile developed from the charging cord recovered from the Hyundai Elantra bearing Ohio temporary tag "P046833", is admissible and authentic;

52. That, on or about May 1, 2023, Cleveland Division of Police Detective Andrew Hayduk submitted Exhibit E-43, which is a DNA swab obtained from Vincent Walker, to the Cuyahoga County Regional Forensic Laboratory for analysis;

53. That, on or about August 2, 2022, Cleveland Division of Police officers recovered a charging cord (Exhibit E-49) in a Hyundai Elantra at the King Kennedy Estates. Exhibit E-49 is authentic and admissible;

54. That the surveillance footage and associated still shots from 6000 Denison Avenue on July 20, 2022 contained in Exhibits D-15 and D-16A-C are authentic and admissible;

55. That the surveillance footage and associated still shots from LMP Auto on July 20, 2022 (4106 Clark Avenue) contained in Exhibits D-14, D-14A-I, D-15, D-16, and D-16A-C are authentic and admissible;

56. That the certified plea agreement and judgment entry in Cuyahoga County CR-23-684458-A contained in Exhibit D-1 is authentic, admissible, and pertains to Malik Brooks;

57. That the certified plea agreement and judgment entry in Northern District of Ohio case number 22-CR-679 contained in Exhibit A-62, A-62A, A-63, and A-63A are authentic, admissible, and pertains to Malik Brooks and Jayon Florence;

58. That the Instagram posts contained in Exhibits A-50, A-50A, A-51, A-51A, and A-64 are authentic and admissible;

59. That that YouTube music videos and associated still shots in Exhibits A-60, A-60A, A-61, A-61A, D-27, and D-28 are authentic and admissible;

60. That the photobook images contained in Exhibits A-17 through A-44, Exhibits A-52 through A-54, Exhibits A-67 through A-72, Exhibit C-5, Exhibit D-3, Exhibit E-1, and Exhibit H-1 are authentic and admissible;

61. That the video contained in Exhibit A-56 is authentic and admissible;

62. That the Google Earth images and maps contained in Exhibits A-65--65D are authentic and admissible;

63. That the Channel 19 news story contained in Exhibit A-55 is authentic and admissible;

64. That the T-Mobile timing advance records, subscriber records, and call logs contained in Exhibit C-1 is authentic, admissible, and contain timing advance site and call logs associated with a 216 713 5739 number;

65. That the T-Mobile tower dump records associated with Exhibit E-8 are authentic and admissible; and

66. That the Verizon timing advance records, subscriber records, and call logs contained in Exhibit H-11 is authentic, admissible, and contain timing advance site and call logs associated with a 626 201 1242 number.

10.8.26

Brian W. Lynch Date
Paul E. Hanna
Rachael Wood
Assistant United States Attorneys

10-8-26

Raven Mullins Date

10-8-26

Noah C. Munyer Date
Jacob T. Will
Attorneys for Raven Mullins

10/8/26

Malik Brooks Date

10/8/26

Nathan A. Ray Date
John W. Greven
Attorneys for Malik Brooks

10/8/26

Jayon Florence Date

10/8/26.

Anthony Koukoutas Date
Eddie M. Sipplen
Attorneys for Jayon Florence

10-8-26

David Price Date

10-8-26

Rodger A. Pelagalli Date
Attorney for David Price

Donald Whitby Date

Joseph P. Morse Date
Attorney for Donald Whitby

APPROVED:

J. Philip Calabrese Date
Judge